UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDER NOE MARTIN GONZALEZ, A-220-244-199,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-06980-DAD-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1). The petition and respondent's response are before the court. (ECF Nos. 1, 5.) No further briefing is necessary. For the reasons set forth below, the petition should be granted.

## I. Background

Petitioner is a native of Guatemala who has no criminal history. (ECF No. 1 at 8; ECF No. 5-2 at 2.) Petitioner has lived in the United States for approximately four years, since 2021, when he entered the country at 17 years of age. (Id.)

On August 12, 2021, U.S. Border Patrol encountered plaintiff at or near Sasabe, Arizona, and processed him as an unaccompanied juvenile. (ECF No. 5-2 at 2, 5.) On September 3, 2021,

immigration officials released petitioner on an order of recognizance. (Id.)

On August 1, 2026, ICE arrested petitioner. (ECF No. 5-2 at 2.) The narrative for petitioner's Form I-213 states the arrest was "pursuant to a Warrant of Arrest, form I-200" (ECF No. 5-1), but respondents do not provide a copy of any Warrant of Arrest. Also on August 1, 2026, petitioner was served with a Notice to Appear charging him as removable. (ECF No. 5-1.) Petitioner has been detained since then and alleges a violation of his due process rights. (ECF No. 1 at 7.) He seeks release or an individualized bond hearing. (Id. at 8.)

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

**III. Discussion**

Petitioner was living in the United States when he was redetained by immigration officials on August 1, 2026, and he is not subject to a final order of removal. As respondent acknowledges (ECF No. 5 at 1), the applicable detention authority is 8 U.S.C. § 1226. Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). Under § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). By not providing petitioner a bond hearing under 8 U.S.C. § 1226(a), immigration officials are violating petitioner's statutory rights.

////

In addition, petitioner has a liberty interest in freedom from detention protected by the Due Process Clause because he was previously encountered by US Border Patrol in 2021, was released on an order of recognizance, and has been living in the United States for approximately four years since then. See, e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release into the United States after a determination he presents no danger to the community or flight risk gives rise to a "heightened" liberty interest in remaining out of detention). During those four years, petitioner has developed ties to the community, worked, supported his family, and built a life here. (ECF No. 1 at 7-8.) "Even if [petitioner] is subject to removal or his freedom could be revoked by statute, [his liberty] interest is still protected by the Due Process Clause." Gurtaj S. v. Bondi, No. 1:26-CV-01031-TLN-CSK, 2026 WL 2225023, at *1 (E.D. Cal. Aug. 3, 2026); see also Ramirez Bernal v. Mullin, No. 1:26-CV-04104-DAD-CSK (HC), 2026 WL 1785265, at *1 (E.D. Cal. June 22, 2026) (holding noncitizen released on an order of own recognizance developed a protected liberty interest in remaining out of custody while living freely in the community for approximately four years).

Having found petitioner has a liberty interest protected by the Due Process Clause, the court applies the test provided in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

Petitioner has a substantial private interest in maintaining his out-of-custody status. See Zadvydas, 533 U.S. at 690 (freedom from imprisonment is at the core of the Due Process Clause). Petitioner's private interest is strengthened by the fact that he lived freely in his community for four years, a significant period of time. See Doe v Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). The risk of erroneous deprivation of this private interest is high because petitioner was denied procedures he was due under 8 U.S.C. § 1226(a) and has not been afforded an individualized determination whether he should be released or detained during removal proceedings.

The risk of an erroneous deprivation of petitioner's liberty interest is especially high because respondent does not argue petitioner presents a danger to the community or a flight risk.

Respondent does not dispute that petitioner has never been arrested for or convicted of a crime. The government's interest in detaining petitioner without any procedural protections under these circumstances is "low." See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d at 1094 (noting custody hearings in immigration court are routine and impose a "minimal" cost on the government).

On balance, the Mathews factors show due process required that petitioner receive an individualized hearing prior to his detention. Respondent points to no reasons why a pre-deprivation hearing could not be held and provides no evidence warranting petitioner's detention on August 1, 2026, without providing an individualized hearing. The appropriate remedy is to order petitioner's immediate release. See, e.g., Lepe v. Andrews, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025).

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondent be ordered to RELEASE petitioner IMMEDIATELY and respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless petitioner is provided seven (7) days' notice and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.
3. The order not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.
4. Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 14, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 mart6980.mer